# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 25-485V

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                    *
IRINA BAENGUEVA,                    *        Chief Special Master Corcoran
                                    *
                Petitioner,         *        Filed:  April 8, 2026
                                    *
        v.                          *
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
                Respondent.         *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Brynna Gang*, Kraus Law Group, LLC, Chicago, IL, for Petitioner.
*Benjamin P. Warder*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On March 18, 2025, Ms. Irina Baengueva filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that she suffered from Guillain-Barré syndrome ("GBS") and/or chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of her October 25, 2022, influenza ("flu") vaccination. Moreover, Petitioner alleges that she experienced residual effects of this condition for more than six months.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Respondent denies that Petitioner sustained a GBS Table injury; denies that the flu vaccine caused Petitioner to suffer GBS, CIDP, or any other injury or condition; and denies that Petitioner's current condition is a sequela of a vaccine-related injury. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation (April 8, 2026) that the issues before them could be settled, and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto as Appendix A) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of **$93,000.00** payable to Petitioner, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.

Stipulation ¶ 8. This amount represents compensation for all damages that would be available under Section 15(a) of the Act.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

IRINA BAENGUEVA,

        Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

        Respondent.

No. 25-485V **(ECF)**
Chief Special Master Corcoran

## <u>STIPULATION</u>

The parties hereby stipulate to the following matters:

1. Irina Baengueva, petitioner, filed a petition for vaccine compensation under the

National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10, *et seq.* ("Vaccine

Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt

of the influenza vaccine, which vaccine is contained in the Vaccine Injury Table ("Table"),

42 C.F.R. § 100.3(a).

2. Petitioner received an influenza ("flu") vaccine on October 25, 2022, in the right arm.[1]

3. The vaccination was administered within the United States.

4. Petitioner alleges that she developed Guillain-Barré syndrome ("GBS") and/or chronic

inflammatory demyelinating polyneuropathy ("CIDP"). Petitioner further alleges that she

---

[1] On October 25, 2022, petitioner also received a COVID-19 vaccine in the left arm. Vaccines against COVID-19 are not contained in the Vaccine Injury Table. *See* 42 U.S.C. § 300aa-14 and 42 C.F.R. § 100.3(a). Pursuant to the declaration issued by the Secretary of Health and Human Services under the Public Readiness and Emergency Preparedness Act (42 U.S.C. §§ 247d-6d, 247d-6e), claims for alleged injuries from COVID-19 countermeasures, including vaccines, may be compensable under the Countermeasures Injury Compensation Program ("CICP"). *See* 85 Fed. Reg. 15198, 15202 (March 17, 2020).

experienced the residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that petitioner sustained a GBS Table injury; denies that the flu vaccine caused petitioner to develop GBS, CIDP, or any other injury; and denies that petitioner's current condition is a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$93,000.00** payable to petitioner, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorney fees and costs incurred in proceeding upon this petition.

10. Petitioner and petitioner's attorney represent that compensation to be provided

2

pursuant to this Stipulation is not for any items or services for which the Vaccine Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396, *et seq.*)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorney fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in petitioner's individual capacity, and on behalf of petitioner's heirs, executors, administrators, successors or assigns, (a) does forever irrevocably and unconditionally release, acquit, and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses, and all demands of whatever kind or nature) that have been brought, could have been brought, or hereafter could be timely brought in the Court of Federal Claims, under the Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*, (i) on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or that may be alleged to have resulted from, the vaccinations

3

administered on October 25, 2022, and (ii) that petitioner has had, now has, or hereafter may have with respect to the injury that gave rise to the petition for vaccine compensation filed on or about March 18, 2025, in the United States Court of Federal Claims as petition No. 25-485V; and (b) waives any and all rights to any compensation that may be available under the Countermeasures Injury Compensation Program ("CICP"), 42 U.S.C. § 247d-6e (or an action under 42 U.S.C. § 247d-6d(d)), for a claim alleging that a covered countermeasure, including the COVID-19 vaccination administered on October 25, 2022, on its own or in combination with the flu vaccination administered on October 25, 2022, caused or seriously aggravated the injuries that were the subject of the petition for vaccine compensation filed on or about March 18, 2025, in the United States Court of Federal Claims as petition No. 25-485V, including GBS, CIDP, or any other condition, for which petitioner will receive compensation pursuant to this Stipulation. If petitioner has such a claim currently pending with the CICP, petitioner hereby withdraws such claim for compensation in the CICP.[2] If no claim for compensation has been filed in the CICP as of the date this Stipulation is filed, petitioner waives the right to file a claim as described in this paragraph for compensation in the CICP.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

---

[2] After entry of judgment reflecting a decision consistent with the terms of this Stipulation, petitioner agrees that respondent will send this Stipulation to the CICP as evidence of petitioner's withdrawal of their CICP claim and waiver of any potential compensation under the CICP.

4

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the influenza vaccine caused petitioner's alleged injury or any other injury or petitioner's current disabilities, or that petitioner suffered an injury contained in the Vaccine Injury Table.

18. All rights and obligations of petitioner hereunder shall apply equally to her heirs, executors, administrators, successors, and/or assigns.

## END OF STIPULATION

5

Respectfully submitted.

PETITIONER:

IRINA BALNGULEVA

**ATTORNEY OF RECORD
FOR PETITIONER:**

BRYNNA GANG
Kraus Law Group, LLC
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
(312) 319-5275
bgang@krauslawyers.com

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

George R. Grimes  Digitally signed by George R.
                  Grimes -S16
-S16              Date: 2026.03.30 13:41:48 -04'00'

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 14W-18
Rockville, MD 20857

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR
RESPONDENT:**

BENJAMIN P. WARDER
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 532-5464
Benjamin.P.Warder@usdoj.gov

Dated: 04/08/2026

6